UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ALICE WALSH, | No. 2:09-cv-03474-MCE-GGH |
|     Plaintiff, | |
|  v. | MEMORANDUM AND ORDER |
| ABBOTT VASCULAR, INC., | |
|     Defendant. | |

Plaintiff Alice Walsh ("Plaintiff") originally filed this action in Shasta County Superior Court, and Defendant Abbott Vascular ("Defendant") subsequently removed the case to this Court. Presently before the Court is Defendant's Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment ("Motion"). For the following reasons, Defendant's Motion is denied without prejudice.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**[2]

Plaintiff initiated this litigation against Defendant alleging causes of action for strict liability and negligence arising out of Defendant's design, manufacture and labeling of a "perclose device" used during a medical procedure undergone by Plaintiff. Plaintiff contends that a portion of the device, which is used for closing ruptured blood vessels, broke off during Plaintiff's surgery, necessitating a further surgery to remove the foreign object from her body. Through this action, Plaintiff seeks to recover for pain and suffering and economic damages suffered as a result of that additional operation.

According to Defendant, it manufactures the "ProGlide Suture Mediated Closure System" ("ProGlide"), which is a Class III prescription perclose device that has been approved by the Food and Drug Administration ("FDA") through a Pre-Market Approval ("PMA") process. Sales and marketing of the ProGlide are regulated by the FDA pursuant to the Medical Device Amendments ("MDA"), 21 U.S.C. § 360k(a), to the Food, Drug and Cosmetic Act. Devices approved through the PMA process, such as the ProGlide, are approved as to their specific design, testing, intended use, manufacturing methods, performance standards and labeling. Defendant asserts that the ProGlide device was used during Plaintiff's procedure and that its alleged failure gives rise to her claims.

---

[2] Unless otherwise stated, the following facts are derived from Plaintiff's Complaint and Defendant's Memorandum In Support of Motion for Summary Judgment or in the Alternative, Motion for Partial Summary Judgment.

1  Because approval of the ProGlide was granted pursuant to the
2 FDA's PMA process, Defendant now argues by way of its instant
3 motion that at least some of Plaintiff's claims are preempted by
4 federal law.  In opposition to Defendant's motion, Plaintiff
5 requests a continuance pursuant to Federal Rule of Civil
6 Procedure 56(d) so that Plaintiff may conduct additional
7 discovery, discovery that may support the viability of at least
8 some of her claims.

## STANDARD

**A.  Motion for Summary Judgment, or Alternatively, Summary Adjudication Under Federal Rule of Civil Procedure 56.**

The Federal Rules of Civil Procedure provide for summary judgment when "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations..., admissions interrogatory answers, or other materials" "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a), (c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

///
///
///
///
///
///

3

1    Rule 56 also allows a court to grant summary adjudication on
2 part of a claim or defense.  See Fed. R. Civ. P. 56(a) ("A party
3 may move for summary judgment, identifying each claim or
4 defense-or the part of each claim or defense-on which summary
5 judgment is sought."); see also Allstate Ins. Co. v. Madan,
6 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc.
7 v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich.
8 1992).  The standard that applies to a motion for summary
9 adjudication is the same as that which applies to a motion for
10 summary judgment.  See Fed. R. Civ. P. 56(a), 56(c); Mora v.
11 ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> A party seeking summary judgment always bears the
> initial responsibility of informing the district court
> of the basis for its motion, and identifying those
> portions of 'the pleadings, depositions, answers to
> interrogatories, and admissions on file together with
> the affidavits, if any,' which it believes demonstrate
> the absence of a genuine issue of material fact.

16 Celotex Corp. v. Catrett, 477 U.S. at 323 (quoting Rule 56(c)).
17    If the moving party meets its initial responsibility, the
18 burden then shifts to the opposing party to establish that a
19 genuine issue as to any material fact actually does exist.
20 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
21 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.
22 253, 288-89 (1968).
23    In attempting to establish the existence of this factual
24 dispute, the opposing party must tender evidence of specific
25 facts in the form of affidavits, and/or admissible discovery
26 material, in support of its contention that the dispute exists.
27 Fed. R. Civ. P. 56(c).
28 ///

4

The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Schuylkill and Dauphin Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.

Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

    **B.    Request for Continuance Under Federal Rule of Civil Procedure 56(d).**

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. Proc. 56(d). The party moving for relief under Rule 56(d) is required to "identify by affidavit specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

## ANALYSIS

Defendant argues that Plaintiff's state law claims are preempted by the MDA, which provides:

> [N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement–
>
> (1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and
>
> (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

///

///

21 U.S.C. § 360k(a). The Supreme Court has held that state requirements, including state tort law claims, pertaining to Class III devices approved via PMA procedures are pre-empted under the MDA, but "only to the extent that they are 'different from, or in addition to' the requirements imposed by federal law." <u>Riegel v. Medtronic, Inc.</u>, 552 U.S. 312, 330 (2008). That Court observed that the MDA "does not prevent a State from providing a damages remedy for claims premised on a violation of FDA regulation; the state duties in such a case 'parallel,' rather than add to, federal requirements." <u>Id.</u> In order to properly plead a "parallel" claim that survives preemption, a plaintiff "must demonstrate facts (1) showing an alleged violation of FDA regulations or requirements related to his [device], and (2) establishing a causal nexus between the alleged injury and the violation." <u>Cohen v. Guidant Corp.</u>, 2011 WL 637472, *1 (C.D. Cal. 2011).

Based on <u>Riegel</u> and its progeny, Defendant argues that Plaintiff's design defect claims and failure to warn claims are pre-empted because they are premised on the impropriety of a design specifically approved by the FDA through the PMA process and thus constitute state law claims imposing requirements that are "different from or in addition to" federal requirements. Defendant makes the same argument as to Plaintiff's manufacturing claim, but acknowledges that, to the extent Plaintiff alleges Defendant failed to adhere to the FDA-approved manufacturing process, and thus violated federal law, Plaintiff's claim could withstand Defendant's current Motion.

///

1    In her opposition, Plaintiff does not address the merits of
2 Defendant's preemption analysis and argues instead only that,
3 pursuant to Fed. R. Civ. Proc. 56(d), she needs more time to
4 conduct discovery in order to prove that Defendant departed from
5 the FDA-approved manufacturing process in the production of the
6 perclose device.  While Plaintiff's request is skeletal at best,
7 Plaintiff's point remains clear: Plaintiff intends to depose
8 Defendant's Persons Most Knowledgeable to determine if Defendant
9 adhered to the FDA-approved manufacturing process.  The Court is
10 cognizant that Plaintiff could have conducted this discovery
11 sooner, instead of waiting to serve her requests until just a few
12 months prior to the June 16, 2011, close of discovery.  In the
13 interest of resolving this case on the merits, however, and since
14 discovery is still open and the facts Plaintiff seeks are likely
15 in Defendant's control, the Court is nonetheless inclined to
16 grant Plaintiff's request.
17    That being said, the Court need not reach this issue because
18 whatever merit Defendant's preemption argument ultimately may
19 have, Defendant's Motion is fundamentally flawed and is thus
20 denied on the merits.  Namely, while Defendant provides
21 evidentiary support for its assertion that the ProGlide was
22 approved via the FDA's PMA process, Defendant provides no
23 evidence whatsoever supporting the proposition that, among other
24 things, the ProGlide is the perclose device that was actually
25 used in Plaintiff's surgery.
26 ///
27 ///
28 ///

Without evidence that the ProGlide was the device that injured Plaintiff, Defendant has failed to meet its burden of proving it is entitled to summary judgment, and any preemption analysis relating to the ProGlide would be premature.[3]

## CONCLUSION

For the reasons just stated, Defendant's Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment (ECF No. 14) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: May 20, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Though Plaintiff's request for additional time was barely viable and is now moot, the Court emphasizes again here that the request is well-taken. Accordingly, the parties are admonished not to file any further motions for either summary judgment or summary adjudication until non-expert discovery has closed.

9